SKANSKA BANKEN, Respondent, v. ROBERT J. ALBERT et al., Appellants.

First Department, March 29, 1966.

*Max Goldweber* of counsel (*Marcia Berger Hershkowitz* with him on the brief; *Tannenbaum & Goldweber*, attorneys), for appellants.

*Michael J. Aralingi* of counsel (*Shearman & Sterling*, attorneys), for respondent.

*Per Curiam.* Plaintiff, a Swedish bank, sues in an action for damages sustained under a discharged attachment in a prior action. It was awarded summary judgment in this action and an assessment in its favor as to all damages sustained in connection with its successful defense of the prior action. Defendants here are one Robert J. Albert, the unsuccessful plaintiff in the prior action against the bank, and three bonding companies, sureties on a $10,000 undertaking required as a prerequisite to the attachment by which Albert had initiated that action. Defendants in this action appeal.*

The principal issue is the legal sufficiency of the complaint's first cause of action which seeks judgment against Albert alone in the sum of $32,591.27, without reference to his $10,000 undertaking. In support of this cause of action the bank argues that Albert's attachment of its New York bank account constituted a tort in the nature of conversion or trespass. It follows, from this, continues the bank's argument, that Albert's liability to the bank is not based solely upon or limited to the amount of his undertaking. The other causes of action in the complaint are limited to surety defendants and do not seek damages beyond the amount of the undertaking.

Albert, a nondomiciliary served outside the State, also disputes the court's personal jurisdiction over him. It would also follow, were the bank's theory of liability for conversion or trespass correct, that personal jurisdiction over Albert might be sustained under CPLR 302 (subd. [a], par. 2) (commission of a tortious act within the State). However, the bank nevertheless advances an alternative argument for sustaining personal jurisdiction — that Albert's procuring and filing of a warrant of attachment and undertaking and his participation

---

* The prior action arose in context of a marital dispute. The bank had issued and delivered to Albert an undertaking in the maximum amount of $25,000 to ensure the return of his son as provided in a separation or " divorce " agreement then being negotiated which gave custody to Albert except for three months the child was to spend with the mother in Sweden. On the day the agreement was to have been signed, Albert's wife instead took the child to Sweden and refused to return him, whereupon Albert sued the bank for $125,000. In this prior action, commenced by attaching a New York bank account (with a balance, at the time, of $65,000), Albert pleaded two causes of action. The first alleged a conspiracy among the bank, Albert's wife, and one Jann Westrup, to deprive Albert of his child's custody, and the second was on the bank's undertaking. After trial, a jury found in the bank's favor on the conspiracy cause of action, but awarded Albert $25,000 on the cause of action based on the undertaking. The Trial Justice set this $25,000 verdict aside on the theory that the bank could have no liability on its undertaking until the separation agreement was executed, and this court affirmed (*Albert v. Skanska Banken,* 18 A D 2d 619).

in the prior action constituted the transaction of business within the meaning of CPLR 302 (subd. [a], par. 1).

The first cause of action as presently pleaded is insufficient as a matter of law. Plaintiff's contention that the mere filing of an attachment, subsequently vacated, automatically subjects the party who sued out the writ to tort liability as for trespass or conversion, is incorrect. Such a tort action lies only where the attachment was procedurally defective *ab initio* and therefore void or voidable (*Subin* v. *United States Fid. & Guar. Co.*, 12 A D 2d 49, 52; *Bornstein* v. *Levine*, 7 A D 2d 843; 7 C. J. S., Attachment, §§ 503–525). No claim is made that a defect of this nature exists in the present case. Therefore, absent any allegation and proof of lack of probable cause or other separate basis for tort liability, plaintiff's action is necessarily solely upon and limited to the amount of the undertaking (*Subin* v. *U. S. Fid. & Guar. Co., supra*; 7 C. J. S., Attachment, § 163; see 10 Carmody-Wait, N. Y. Prac., Attachment, §§ 202–209; cf. 28 N. Y. Jur., Injunctions, § 181).

It is therefore unnecessary at the present time to determine if service outside the State conferred personal jurisdiction over Albert and the Court does not reach the issue of whether his filing an undertaking and participation in the prior attachment and action based thereon represented the transaction of business within the meaning of CPLR 302.

Other issues raised do not require discussion. Some, relating to the amount of damages, will be more properly determined in the first instance at the assessment.

Accordingly, the order should be modified, on the law, to grant Albert's cross motion to dismiss the first cause of action, with one bill of costs and disbursements to defendants-appellants, without prejudice to plaintiff moving, within 10 days of service of the order herein with notice of entry, for leave to replead the first cause of action, if so advised, to assert any tort claim it can against Albert, subject, of course, to applicable jurisdictional requirements, and the order otherwise should be affirmed.

BREITEL, J. P., McNALLY, STEVENS, STEUER and STALEY, JJ., concur.

Order, entered on August 10, 1965, unanimously modified, on the law, to the extent of granting defendant Robert J. Albert's cross motion to dismiss the first cause of action as against him, without prejudice to plaintiff moving, within 10 days after service upon it of a copy of the order, with notice of entry thereof, for leave to replead the first cause of action, if so

advised, to assert any tort claim it can against defendant- appellant, Robert J. Albert, subject, of course, to applicable jurisdictional requirements, and, as modified, affirmed, with one bill of $50 costs and disbursements to appellants.